UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL GREENE,                          :
                                         :
       Plaintiff                        :
                                         :
  v.                                     : CIVIL NO. 3:CV-08-821
                                         :
JUDGE MICHAEL BARRASSE, <u>et</u> <u>al</u>.,      : (Judge Kosik)
                                         :
       Defendants                       :

## Memorandum and Order

Michael Greene is currently an inmate at the State Correctional Institution at Huntingdon, Pennsylvania, serving a life sentence, following conviction by the Lackawanna County Court of Common Pleas. He filed this civil rights action on May 2, 2008, pursuant to 42 U.S.C. § 1983. He proceeds <u>in</u> <u>forma</u> <u>pauperis</u> in this matter.[1] Named as Defendants are Michael Barrasse, Lackawanna County Court of Common Pleas Judge; Maryann Grippo and Corey Kocharno, Assistant District Attorneys in Lackawanna County; Jason Mills, an officer in the Scranton Police Department and Jay Ruane, an officer in the Lackawanna County Prison. Pursuant to 28 U.S.C. § 1915, the Court is required to examine the complaint for legal sufficiency and to

---

[1] Plaintiff completed this court's form application for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> and authorization form. An Administrative Order was thereafter issued on May 2, 2008 (Doc. 5), directing the warden at SCI-Huntingdon to commence deducting the full filing fee from Plaintiff's prison trust fund account.

dismiss a complaint (or any part of it) if it is frivolous, malicious or fails to state a claim on which relief may be granted. For the reasons that follow, the complaint will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## I.  **Background**

In the complaint, Plaintiff seeks monetary relief against Defendants for their actions which he alleges resulted in his unlawful restraint and confinement. Plaintiff was sentenced to a mandatory life sentence following his conviction on Aggravated Assault with Serious Bodily Injury charges.[2] He claims that Defendants conspired to convict him and keep him in custody. Some of the examples of their alleged actions include: (1) the reopening of his case without new evidence but basing the reopening on the same affidavit of probable cause; (2) prosecutorial misconduct related to the proceedings; (3) Defendant Barrasse (the trial judge) and the Commonwealth's knowing allowance of Defendant Miller to commit perjury during the trial for the purpose of ultimately convicting him; (4) the deliberate misrulings by the trial judge on evidentiary matters during trial and (5) Defendants purposeful destruction of physical evidence at trial. It is Plaintiff's position that he is entitled to monetary damages due to the conspiracy between the Defendants for the ultimate goal of convicting and confining him.

---

[2] The mandatory life sentence was due to the fact that a 3rd or subsequent conviction for a crime of violence results in a mandatory life sentence.

## II.   <u>Discussion</u>

Plaintiff is seeking to redress what he purports to be violations of his constitutional rights through 42 U.S.C. § 1983. Section 1915(e)(2) of Title 28 of the United States Code provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that - (A) the allegation of poverty is untrue; or (B) the action or appeal (i) <u>is frivolous or malicious</u>; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

(Emphasis added.)  In <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989), the Supreme Court stated that a complaint is frivolous "where it lacks an arguable basis either in law or fact." 490 U.S. at 325.

In this action Plaintiff seeks damages for the alleged conduct of Defendants which he claims resulted in his wrongful conviction and resulting current incarceration.  In <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas

3

corpus." Id. at 486-87.  Heck extends to bar actions not only for compensatory damages, but also for declaratory relief, so long as the plaintiff's claims imply the invalidity of a conviction.  Edwards v. Balisok, 520 U.S. 641, 648 (1997).

There is no evidence in the instant case that Plaintiff has successfully challenged his Lackawanna County conviction.  Since the relief sought herein would necessarily imply the invalidity of Plaintiff's state criminal conviction, he cannot pursue a civil rights action under 42 U.S.C. § 1983.  Instead, his proper avenue of recourse in the federal courts is a petition for a writ of habeas corpus.

Based on the foregoing, Plaintiff's complaint "lacks an arguable basis either in law or fact."  Neitzke, 490 U.S. at 325.  Accordingly, the complaint will be dismissed as frivolous.  Under the circumstances, the court is confident that service of process is not only unwarranted, but would waste the increasingly scarce judicial resources that § 1915 is designed to preserve.  See Roman v. Jeffes, 904 F.2d 192, 195 n.3 (3d Cir. 1990).

**ACCORDINGLY, THIS 16th DAY OF MAY, 2008, IT IS HEREBY ORDERED THAT:**

1. The complaint is dismissed, without prejudice, as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

2. The Clerk of Court shall close this case.

3. Any appeal taken from this Order will be deemed frivolous, without probable cause, and not taken in good faith.

> *s/EDWIN M. KOSIK*
> United States District Judge